# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

SHUNKEITH F. EVANS     PLAINTIFF

V.     CAUSE NO. 3:18-CV-464-CWR-FKB

RED SHIELD ADMINISTRATION, INC.;     DEFENDANTS
RED AUTO ADMINISTRATION, INC.

## ORDER

Shunkeith Evans filed a short complaint in state court alleging that Red Shield Administration and Red Auto Administration failed to honor the vehicle warranty he had purchased. The defendants removed the case here, invoking diversity jurisdiction.

Now before the Court is Evans' motion to remand. The familiar legal standard applies.

The motion turns on whether the amount in controversy requirement is satisfied. Evans' complaint had not demanded any particular sum, but the defendants argued that his unspecified request for actual, non-economic, and punitive damages necessarily exceeded $75,000. It was only after removal that Evans submitted an affidavit stating that he would "neither accept nor seek" more than $75,000 "in damages." The defendants argue that the affidavit is of no moment because an unspecified punitive damages demand is sufficient to support removal.

The law is well-established. "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citations omitted).

Evans' complaint was ambiguous as to the amount in controversy, so his affidavit can be considered. *E.g.*, *McNamee v. Alfa Mut. Gen. Ins. Co.*, No. 3:17-CV-496-DCB-LRA, 2018 WL

386763, at *1 (S.D. Miss. Jan. 11, 2018). The Court further finds that Evans' affidavit binds him to recover under $75,000. *Id.* Ordinarily, then, the case should be remanded.

What remains is the defendants' punitive damages argument. They correctly note the cases holding that an unspecified punitive damages demand is itself sufficient to support the amount in controversy requirement. *E.g.*, *Brasell v. Unumprovident Corp.*, No. 2:01-CV-202-D-B, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (collecting cases).

Another line of cases, however, looks more rigorously at the complaint's factual allegations to determine whether the combination of compensatory and punitive damages could truly support a recovery above $75,000.

In *S&S Pharmacy v. Xerox Audit & Compliance Solutions*, for example, Judge Guirola found "little possibility" that a demand for $1,029 in compensatory damages and unspecified punitive damages "could bring the amount in controversy above $75,000," since due process would not permit a punitive damages award nearly 75 times the compensatory damages award. *See* No. 1:16-CV-269-LG-RHW, 2016 WL 4536882, at *2 (S.D. Miss. Aug. 30, 2016). In a similar case, Judge Lee found that plaintiffs with small-dollar compensatory damages could not, "consistent with due process, . . . receive an award of punitive damages that would push the amount in controversy above $75,000." *Bridges v. Freese*, 122 F. Supp. 3d 538, 549 (S.D. Miss. 2015) (collecting cases). By this reasoning, plaintiffs with greater compensatory damages demands are, of course, much more likely to exceed the jurisdictional minimum. *E.g.*, *White v. Allstate Ins. Co.*, No. 1:17-CV-350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) ("An award of such [punitive] damages in a 'single digit ratio' to the requested $25,000.00 in compensatory damages could easily exceed the $75,000.00 jurisdictional minimum.").

This Court has previously used this more rigorous mode of analysis, *e.g.*, *Windom v. BorgWarner, Inc.*, No. 3:13-CV-741-CWR-FKB, 2014 WL 10290888, at *6 (S.D. Miss. Oct. 17, 2014) (remanding case), and will apply it to this case.[1]

Evans' bare-bones complaint does not indicate whether the combination of compensatory damages and a constitutional punitive damages multiplier could exceed $75,000. We are left with Evans' post-removal affidavit limiting him to recover less than $75,000. Given the state of the law—*i.e.*, that an unspecified punitive damages demand is itself *insufficient* to meet the amount in controversy requirement—the affidavit warrants sending the case back to state court.

For these reasons, the Court lacks subject matter jurisdiction. The Clerk shall remand this case to the Circuit Court of Smith County, Mississippi.

**SO ORDERED**, this the 17th day of August, 2018.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE

---

[1] The firm representing the plaintiff has a history of filing vague complaints and then, when the defendant removes the case to federal court, submitting an affidavit disavowing any damages exceeding the jurisdictional threshold. *See Dolan v. Invacare Corp.*, No. 3:14-CV-1006-CWR-LRA, Docket No. 11, at 2 (S.D. Miss. Mar. 2, 2015) (citing cases). That tactic causes delay and adds unnecessary expense, something which counsel should not want to impose upon his client. *Id*. Moreover, counsel is reminded that Evans' affidavit bars him "from seeking damages in excess of [$75,000] in state court as a 'judicial admission, judicial estoppel or a matter of preclusion.'" *Drinkard v. Murphy Oil USA, Inc.*, No. 3:14-CV-303-CWR-LRA, 2014 WL 10475642, at *2 (S.D. Miss. Oct. 14, 2014) (citation omitted).